IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL S. BROWN, | § § § § § § § § § § § § § § | |
| Plaintiff, | | CIVIL ACTION NO. 4:16-CV-00675-ALM-CAN |
| v. | | |
| JNH INVESTMENTS, INC., J AND H INVESTMENTS GROUP, LLC, JOHN ALSEINH, HAITHAM FARAJ, MOHAMMAD A. AZAB, SAWSAN BANNA, | | |
| Defendants. | | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Pending before the Court is Defendants JNH Investments, Inc., J and H Investments Group, LLC, John Alsenih, and Haitham Faraj's Motion for Summary Judgment [Dkt. 28]. After reviewing Defendants' Motion for Summary Judgment [Dkt. 28], the Response [Dkts. 45-47], the Reply [Dkt. 66], and all other relevant filings, the Court recommends that Defendants' Motion for Summary Judgment [Dkt. 28] be **DENIED**.

**BACKGROUND**

This suit arises from Plaintiff's employment at SpeeDee Oil and Tune Up from October 2013 to May 2014, August 2014 to September 2015, and June 2016 to July 2016 [Dkt. 1]. On September 1, 2016, Plaintiff filed the Complaint, raising claims under the Fair Labor Standards Act ("FLSA") for Defendants' alleged failures to pay him overtime compensation during these periods [Dkt. 1 at 6]. According to the Complaint, Defendants JNH Investments, Inc. ("JNH"), and J and H Investments Group, LLC ("J&H"), employed Plaintiff as an automobile mechanic, and Defendants John Alsenih and Haitham Faraj owned and/or operated JNH and/or J&H [Dkt. 1

at 2-3]. Plaintiff alleges that Alsenih and Faraj "had operational control of JNH and [J&H]'s compliance with the FLSA at all times relevant" to this suit; specifically, Plaintiff claims Alsenih and Faraj have or had the authority to "hire and fire [Plaintiff] and all other employees[,]" to "supervise and/or control [Plaintiff's] and all other employees['] work schedules and/or conditions of employment[,]" to "determine the rates or methods of compensation for [Plaintiff] and all other company employees[,]" and to "maintain employees['] records" [Dkt. 1 at 3]. Plaintiff asserts he "was a non-exempt employee under the FLSA . . . entitled to overtime compensation for all hours worked over 40 in each and every workweek" and that he "regularly worked in excess of 40 hours per workweek" without overtime compensation [Dkt. 1 at 5].

On March 28, 2017, Defendants filed their Motion for Summary Judgment [Dkt. 28], arguing (1) JNH "was not in existence at the [time] Plaintiff alleges that his claims arose" and (2) the relevant statute of limitations bars any and all of Plaintiff's claims arising before September 1, 2014 [Dkt. 28 at 5-7]. Plaintiff filed his Response to Defendants' Motion for Summary Judgment on April 24, 2017 [Dkts. 45-47]. On June 28, 2017, Defendants filed their Reply to Plaintiff's Response [Dkt. 66], withdrawing their second argument for summary judgment regarding the statute of limitations. Accordingly, the Motion for Summary Judgment presents a single issue for the Court's consideration.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. And the Court need only consider the record materials actually cited by the parties, though the Court may consider the entire record. FED. R. CIV. P. 56(c)(3).

## ANALYSIS

Plaintiff raises claims under the FLSA for Defendants' alleged failure to compensate him properly for overtime worked during from October 2013 to May 2014, August 2014 to September 2015, and June 2016 to July 2016 [Dkt. 1]. Defendants contend the Court should dismiss Plaintiff's claims against Defendant JNH because "was not in existence at the [time] Plaintiff

alleges that his claims arose" [Dkt. 28 at 5].[1]  Defendants proffer the Affidavit of Austin H. England (the "England Affidavit") [Dkt. 28, Ex. A] and a printout of the Texas Secretary of State website (the "Printout") [Dkt. 28, Ex. A-1], in support of their claim that JNH ceased to exist in 1995 because it forfeited its existence on August 8, 1995 pursuant to a tax forfeiture.  Plaintiff argues in response that (1) Defendants may not rely on the unauthenticated Printout to show JNH lacked a legal existence at the time periods relevant to Plaintiff's claims and (2) if JNH has, in fact, forfeited its legal existence "for failing to pay its franchise taxes[,]" JNH lacks standing to bring any motion for summary judgment "unless and until it reinstates its corporate charter" [Dkt. 45 at 4-5].  In reply, Defendants assert the Court may take judicial notice of the Texas Secretary of State's website in order to find Defendant JNH has no legal existence and that, because JNH lacked a legal existence during the time any of Defendants employed Plaintiff, JNH has never been involved, in any way, with the events the basis of Plaintiff's lawsuit [Dkt. 66].

As an initial matter, the Court notes it may (and does) consider the Printout as competent summary judgment evidence.  Under Federal Rule of Evidence 901, a proponent "must produce evidence"—such as an affidavit—"to support a finding that the item is what the proponent claims it is" to authenticate an item of evidence such as a website screenshot or printout.  FED. R. EVID. 901(a); *see also Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1027 (5th Cir. 2015) (quoting Rule 901(a)).  The Fifth Circuit has made clear this "is not a heavy burden," such that "circumstantial evidence or testimony by a knowledgeable witness can be sufficient" to authenticate.  *Thompson*, 783 F.3d at 1027; *see also United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) (Rule 901's authentication standard "is not a burdensome standard.").  "In the case of an exhibit purported to represent an electronic source, such as a website or chat logs, testimony

---

[1] The Court reiterates Defendants have withdrawn their second argument based upon the statute of limitations [Dkt. 66 at 3-4].

by a witness with direct knowledge of the source, stating that the exhibit fairly and fully reproduces it, may be enough to authenticate." *Thompson*, 783 F.3d at 1027; *see Barlow*, 568 F.3d at 220 ("Testimony by a witness with knowledge that the 'matter is what it is claimed to be' can be enough to prove the thing's authenticity."). Representations by such a witness that the proffered printout fairly and fully captures the cited material (i.e., the webpage and material thereon) will suffice under this standard to establish the website's authenticity. *See Barlow*, 568 F.3d at 220 (finding testimony that a printed chat log "fairly and fully reproduced the chats" from witness with direct knowledge of chats could authenticate a printed chat log under Rule 901). Further, government websites in particular "[are] self-authenticating under Rule 902(5)." *E.g.*, *Riverkeeper v. Taylor Energy Co., LLC*, 113 F. Supp. 3d 870, 881 n.52 (E.D. La. 2015) (collecting cases). Defendants proffer the England Affidavit [Dkt. 28, Ex. A] to establish the Printout's authenticity. The England Affidavit states the following:

> As the attorney of record for the Defendants, I searched the public records of the Secretary of State for the State of Texas and have attached hereto a public record printout from the Secretary of State's web. I searched the Secretary of States website for the entity by the name of JNH Investments, Inc., which is a named defendant in this lawsuit. From the printout, it is clear that JNH Investments, Inc. forfeited its existence on August 8, 1995, pursuant to a tax forfeiture.

[Dkt. 28, Ex. A at 2-3]. The affiant demonstrates his direct knowledge of the Printout's source and explains what the Printout represents. Moreover, the affiant states the Printout depicts a state government website, which makes the Printout a self-identifying documents under Rule 902.

Nevertheless, the Printout does not establish that JNH should be dismissed from this suit or even that it lacks the necessary jural existence to stand as Defendant here. Although Texas Tax Code Section 171.252 provides that "[i]f the corporate privileges of a corporation are forfeited . . . the corporation shall be denied the right to sue or defend in a court of this state[,]" Texas courts have held this provision "does not prevent a corporation that has forfeited its corporate privileges

from defending claims against it." *Cruse v. O'Quinn*, 273 S.W.2d 766, 770-71 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (collecting cases). Indeed, Section 171.252 merely precludes such entities from filing suit and acts in tandem with Section 171.255 to expose the entity's directors and officers to personal liability in lawsuits filed against the forfeited entity. *See, e.g., Suntide Sandpit, Inc. v. H & H Sand and Gravel, Inc.*, No. 13-11-00323-0CV, 2012 WL 2929605 (Tex. App.—Corpus Christi July 19, 2012, pet. denied). Further, even if an entity has forfeited its corporate privileges (for failure to pay taxes, *inter alia*), the Tax Code "enable[s] dissolved corporations to have their corporate privileges restored" by, for example, paying its delinquent taxes. TEX. TAX CODE §§ 171.312-.313; *see also Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 376 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Additionally, proof of forfeiture does not necessarily show proof of dissolution of the corporate entity. *El T. Mexican Rests., Inc. v. Bacon*, 921 S.W.2d 247, 250 n.2 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

Applied here, these principles show that, even if JNH forfeited its corporate privileges in 1995, it may still be named and defend itself in this case: forfeiture does not necessitate JNH's dismissal from this action. The record before the Court does not settle whether JNH's corporate existence was ever dissolved and/or whether JNH employed Plaintiff during the relevant period, as an entity who has forfeited its corporate privileges has not necessarily dissolved or ceased business operations. If anything, the Printout shows JNH may not affirmatively seek dismissal of Plaintiff's claims through the Motion for Summary Judgment, as such would constitute a request for affirmative relief. *See, e.g., Zaidi v. Shah*, 502 S.W.3d 434, 443 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting a forfeited entity may raise negative defenses but may not seek affirmative relief and collecting cases); *Hardwick v. Austin Gallery of Oriental Rugs, Inc.*, 779

S.W.2d 438, 441 (Tex. App.—Austin 1989, writ denied), *superseded on other grounds by statute as stated in Bair Chase Prop. Co., L.L.C. v. S & K Dev. Co., Inc.*, 260 S.W.3d 133 (Tex. App.—Austin 2008, pet. filed) (finding a corporate defendant may raise "purely passive defenses" such that "its answer may not be stricken" and it "may offer evidence that negates the plaintiff's claim"); *Cruse*, 273 S.W.3d at 770-71 (noting a forfeited entity may not seek "affirmative relief").[2] Accordingly, on the present record, summary judgment should be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendants JNH Investments, Inc., J and H Investments Group, LLC, John Alsenih, and Haitham Faraj's Motion for Summary Judgment [Dkt. 28] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[2] Moreover, Defendants have taken inconsistent positions on whether JNH employed Plaintiff during the relevant periods or not [*see* Dkts. 14; 45, Ex. A].

REPORT AND RECOMMENDATION – Page 7

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of July, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE